IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS N., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CASE NO. 2:24-CV-828-RAH--KFP ) |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Dennis N. filed a Complaint seeking review of the Social Security Administration's decision denying his application for disability and disability insurance benefits. Doc. 1. The Court construes Claimant's supporting brief (Doc. 13) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 17) as a motion for summary judgment.

After scrutiny of the record and the pending motions, the undersigned recommends that Claimant's motion for summary judgment be DENIED, the Commissioner's motion for summary judgment be GRANTED, and the decision of the Commissioner be AFFIRMED.

---

[1] Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See* § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

I.      PROCEDURAL BACKGROUND

On July 7, 2022, Claimant filed an application for a period of disability and disability insurance benefits, alleging disability beginning March 1, 2020. R. 35. On February 2, 2023, the claim was denied initially, and again upon reconsideration on September 22, 2023. R. 35. Claimant then requested a hearing with an administrative law judge (ALJ), and a telephone hearing was held on March 18, 2024, where both Claimant and an impartial vocational expert (VE) testified. R. 35, 52–65. On July 16, 2024, the ALJ issued a notice of unfavorable decision, finding Claimant not disabled. R. 44. On September 24, 2024, Claimant's request for review was denied by the Appeals Council (R. 19–21), and Claimant initiated this action on December 20, 2024 (Doc. 1). Claimant has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

II.     THE ALJ's DECISION

Based on a review of the record, the ALJ found that Claimant had the following severe impairments: atrial fibrillation, cardiomyopathy, cerebral vascular accident/cardio-embolic stroke, hypertension, chronic heart failure, and obesity. R. 38.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light exertion work with some additional limitations, including: "the claimant can stand and walk a total of four hours out of an eight-hour work day"; as well as "claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds"; and that Claimant "can **frequently** balance, kneel, and crouch," and "occasionally stoop and crawl." R. 39 (emphasis added). Additionally, "claimant must avoid all exposure to extreme

2

temperature of cold and heat"; and "claimant should work in a climate-controlled environment." R. 39. Finally, "claimant must avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights." R. 39.

Based upon the RFC and the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, such as assembler, wire worker, and inspector/checker. R. 42–43. Accordingly, the ALJ determined that Claimant is not disabled.

### III.   ISSUES ON APPEAL

On appeal, Claimant argues that the ALJ erred by failing to properly evaluate and reconcile inconsistencies between the state agency medical opinions.

### IV.   DISCUSSION

Claimant argues that the "ALJ's failure to resolve [] conflicting medical opinions, and to articulate the supportability and consistency of each, constitutes reversible error." Doc. 13 at 10. The ALJ found non-examining State agency medical advisors George W. Hall, M.D. and Robert G. Haas, M.D.'s medical opinions that Claimant "could perform a range of light work" to be "mostly persuasive," but did not elaborate further. R. 41. Claimant highlighted that the two findings contain a direct conflict: Hall opined that Claimant could kneel and crouch *frequently* (R. 86; Doc. 13 at 8), while Haas opined that Claimant could kneel and crouch *occasionally* (R. 71, 78; Doc. 13 at 8). Without explanation as to why, the ALJ appears to have found Hall's finding more persuasive because one of the RFC's limitations is that claimant can *frequently* kneel and crouch. R. 39.

The Commissioner does not "contest" that the ALJ's discussion of Hall and Haas's medical findings "did not address the 'supportability' and 'consistency' factors as outlined in the regulations." Doc. 17 at 7. But, the Commissioner argues, the ALJ's error is harmless.

The Court assumes, without deciding, that the ALJ committed a legal error by not addressing the "supportability" and "consistency" factors as required by 20 C.F.R. § 404.1520c when discussing Hall and Haas's medical findings because the parties do not contest the commission of an error.[2] The question, then, is whether the legal error constitutes harmless error.

Claimant argues that the ALJ's error is not harmless because postural restrictions like kneeling and crouching can affect the occupational base for light work, so if the ALJ had adopted Haas's limitations to occasional kneeling and crouching, the VE's testimony may have changed and Claimant may have been found disabled. Doc. 13 at 9. The Commissioner responded that the discrepancy between Haas's finding and the RFC is harmless because kneeling and crouching are not requirements of the jobs identified by the VE. Doc. 17 at 8. Claimant replied with multiple arguments against the application of the harmless error doctrine and reiterated that remand is the appropriate remedy.

---

[2] Under 20 C.F.R. § 404.1520c, an ALJ must consider the medical opinions or prior administrative medical findings using these five factors: supportability, consistency, relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(a), (c)(1)–(5). "The most important factors [the ALJ] consider[s] when [they] evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability [] and consistency []." 20 C.F.R. § 404.1520c(a).

4

Harmless-error review is applied to social security cases. *Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1008 (11th Cir. 2020). "[A]n incorrect application of the regulations results in harmless error [when] the correct application would not contradict the ALJ's ultimate findings." *Newsome ex rel. Bell v. Barnhart*, 444 F. Supp. 2d 1195, 1201 (M.D. Ala. 2006) (quoting *Miller v. Barnhart*, 182 F. App'x 959, 960 (11th Cir. 2006)). In such a situation, "the ALJ's decision will stand." *Newsome ex rel. Bell*, 444 F. Supp. 2d at 1201 (quoting *Miller*, 182 F. App'x at 960); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008); *Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983). In other words, "[a] harmless error—that is, one that does not affect the ALJ's ultimate decision—does not constitute a ground for reversal." *Sarli v. Berryhill*, 817 F. App'x 916, 917 (11th Cir. 2020) (per curiam). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

To the extent the ALJ erred by neither reconciling the medical findings discrepancy nor evaluating the supportability and consistency of either medical opinion, the Court finds such error was harmless because a correct application of the regulations would not change the ALJ's ultimate finding. The VE testified that given Claimant's RFC, which included the limitation that Claimant "can **frequently** balance, kneel, and crouch," (R. 39 (emphasis added)), Claimant would be able to work as an assembler (DOT number 729.684-054), wire worker (DOT number 728.684-022), or an inspector, checker (DOT number 222.687-042). R. 43; R. 63. In the Dictionary of Occupational Titles (DOT), the entries for subassembler, wireworker, and inspector state that the function of kneeling and crouching

5

is "Not Present–Activity or condition does not exist." DICOT 729.684-054, 1991 WL 679729 (Subassembler); DICOT 728.684-022, 1991 WL 679684 (Wireworker); DICOT 222.687-042, 1991 WL 672138 (Inspector, Handbag Frames). The jobs identified as being within the Claimant's RFC do not require kneeling or crouching; consequently, Claimant's argument that the VE's testimony may have changed if the ALJ had adopted Haas's limitation to only occasionally kneeling and crouching fails in light of the job requirements. Thus, the ALJ's error is harmless because a proper analysis explaining the supportability and consistency factors for the medical opinions and settling the discrepancy between frequent and occasional kneeling would not have changed the outcome of the case; the jobs the VE determined Claimant can perform do not require kneeling or crouching.

A finding of harmless error is consistent with Eleventh Circuit caselaw. The Eleventh Circuit held that, under the old regulation,[3] an ALJ's failure to discuss the weight she gave to a doctor's findings was harmless because the limitations the doctor highlighted would not affect claimant's ability to perform one of the jobs identified by the VE. *Caldwell*, 261 F. App'x at 190; *see also Sarli*, 817 F. App'x at 919 ("Moreover, because the state agency psychological consultant opinions were consistent with the ALJ's ultimate determination of [claimant's] residual functioning capacity, the ALJ committed harmless error by failing to state the weight it gave to those opinions, as that failure would not have

---

[3] The Commissioner adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, the Commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [ ] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a).

6

affected the ultimate outcome of ALJ's decision."). Similarly, the Eleventh Circuit has held that a failure to include a limitation in a hypothetical posed to the VE is harmless when the "the functional requirements of the jobs identified by the VE . . . do not appear to involve [the limitation]." *Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012). District courts within the Eleventh Circuit have also found that a failure to provide the VE with a limitation is harmless when the jobs identified by the VE do not require the limitation. *See Merritt v. Berryhill*, 2017 WL 3325738, at *4 n.5 (M.D. Ala. Aug. 3, 2017) ("Because none of the jobs identified by the vocational expert requires stooping, it stands to reason that the ALJ's failure to provide the vocational expert with this limitation . . . would not have changed the vocational expert's ultimate testimony that [claimant] could perform the sedentary jobs . . . even with her limitations. Thus, to the extent the ALJ erred by not presenting the vocational expert with [the] stooping limitation, the error was harmless."); *Lankford v. Saul*, 2021 WL 867847, at *5 (S.D. Ala. Mar. 7, 2021). Although not directly on point with the ALJ's error in this case, this Eleventh Circuit caselaw demonstrates that when an error does not impact the jobs the VE determines a claimant capable of performing, the error is harmless.

The arguments in Claimant's reply brief against applying the harmless error doctrine are unavailing. To start, Claimant only provides two citations in his entire brief, both of which support undisputed issues.[4] Claimant fails to provide support to refute the harmless

---

[4] Claimant cites *O'Neal v. Kijakazi*, 2021 WL 4316114 (S.D. Ala. Sept. 22, 2021) as support for his assertion that the "ALJ's failure to consider the supportability and consistency factors was reversible error." Doc. 18 at 3. Neither party contests that the ALJ's error warrants reversal; the issue is whether the reversibility is negated because the error is harmless. Claimant's second citation is to *Powers v. Astrue*, 2011 WL 8894 (W.D. Mo. Jan. 3, 2011) to support his assertion that "[t]he Court must only limit its review

7

error application here. "A party's failure to cite legal authority in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'" *Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017) (quoting *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970)). It is a party's obligation to adequately support their position with legal authority; the "Court will not conduct [a party's] research for [them]." *See Jackson v. Mays*, 2012 WL 7828969, at *1 (N.D. Ga. Sept. 25, 2012).[5] "[W]hen a litigant raises an argument only generally and . . . fails to support the argument with legal authority, a court may summarily reject the argument." *Cortaza v. Kijakazi*, 2023 WL 2165149, at *4 (S.D. Fla. Feb. 3, 2023), *report and recommendation adopted sub nom. Cortaza v. Comm'r of Soc. Sec.*, 2023 WL 2160776 (S.D. Fla. Feb. 22, 2023).[6] In the interest of clarity, the Court will nonetheless address Claimant's reply brief arguments in turn.

First, Claimant asserts that the Commissioner's harmless error argument is post-hac rationalization, and the ALJ's failure to consider the supportability and consistency factors

---

to the grounds supplied by the ALJ in his decision." Doc. 18 at 4. While a court is bound to the grounds supplied by the ALJ, as explained in this Recommendation, a court may also consider whether any error committed by the ALJ is harmless. *Powers* does not address the harmless error doctrine.

[5] *See also Goldberg for Jay Peak, Inc.*, 2017 WL 7791564, at *7 ("The Court declines the invitation [to do Claimant's research for him] and rejects the argument for failure to cite supporting authority.").

[6] *See also Oshodi v. Lockheed Martin Corp.*, 452 F. App'x 889, 890 (11th Cir. 2012) (per curiam) ("[Appellant] has abandoned all of his claims on appeal by failing to offer any legal arguments in support of his position."); *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007); *Lombard v. Baker*, 2023 WL 2378570, at *6–7 (M.D. Ala. Mar. 6, 2023) (denying defendants' motion to strike partly because defendants "wholly failed to city any legal authority"); *Alonso Cano v. 245 C&C, LLC*, 2022 WL 4446229, at *7 (S.D. Fla. Aug. 17, 2022) ("Plaintiffs' failure to include any argument or citation to legal authority supporting their Request for Judicial Notice is grounds for denying the Request.").

cannot be cured through post-hac rationalization. Doc. 18 at 3. The harmless error doctrine is distinct from post-hac rationalization. *See Ramsdell v. Kijakazi*, 2022 WL 16707193, at *5 (M.D. Fla. Nov. 4, 2022) (discussing post-hac rationalization separately from the harmless error doctrine); *Herrero v. Comm'r of Soc. Sec. Admin.*, 2020 WL 5959715, at *6 (M.D. Fla. Oct. 8, 2020) ("[T]he Court cannot accept any post-hoc rationalizations advanced by defense counsel on appeal. Also, the Court cannot accept [d]efendant's harmless-error argument . . . because the ALJ's finding . . . which is not supported by substantial evidence in the record, 'is highly consequential to the ultimate decision of non[-]disability.'" (alteration in original) (quoting *Pourdehghan v. Colvin*, 2016 WL 4534005 (C.D. Cal. Aug. 29, 2016), *judgment entered sub nom. Pourdeghan v. Colvin*, 2016 WL 4534006 (C.D. Cal. Aug. 29, 2016))). In contrast to post-hac rationale, "[i]n conducting the harmless error analysis, the Court is only concerned with the impact of the error." *Spaar v. Kijakazi*, 2021 WL 6498838, at *6 (S.D. Ga. Dec. 28, 2021), *report and recommendation adopted*, 2022 WL 141613 (S.D. Ga. Jan. 14, 2022). Here, the Court did not engage in post-hac rationalization; it instead engaged in a harmless error analysis and determined that the effect of the ALJ's error is harmless because a proper application of the regulations would not change the outcome of the decision.

Second, Claimant argues that the ALJ committed a "fundamental procedural violation" to which the harmless error doctrine does not apply; it only applies to technical mistakes. Doc. 18 at 3–4. Courts within the Eleventh Circuit have considered the harmless error doctrine when an ALJ does not address the supportability and consistency factors in their decision. *See Perez v. Comm'r of Soc. Sec.*, 2022 WL 479813, at *6 (M.D. Fla. Feb.

9

16, 2022) ("Given that the ALJ errs (even under the new regulations) in failing to address the supportability and consistency of medical opinions, the issue then, is whether the ALJ's failure to do so here was harmless." (internal citation omitted)) (collecting cases). Here, the Court is free to assess the applicability of the harmless error standard as it applies to the arguments the parties raised. The applicability of the harmless error doctrine is not only for "technical mistakes" as Claimant urges.

Third, Claimant asserts that the "ALJ's failure to analyze the supportability and consistency of these opinions deprived the Court of any meaningful way to understand which opinion was more reliable and why." Doc. 18 at 5; *see also id.* at 7. The Court reiterates that when applying the harmless error doctrine, the Court is concerned with whether the error impacts the outcome of the ALJ's decision.

Fourth, Claimant argues that "the DOT analysis does not cure the legal error" because a kneeling limitation might have affected the VE's identified jobs. Doc. 18 at 5. As demonstrated above, a kneeling limitation would have no effect on the VE's identified jobs because the jobs do not require kneeling. During the hearing, the VE testified that there are some areas for which she had to rely upon her education, training, experience, and familiarity with work and workplace requirements, but the kneeling requirement was not one of those areas. R. 64. Thus, the DOT analysis cures the legal error.

Fifth, Claimant argues that the lack of proper analysis as to the conflicting medical opinions undermines the RFC assessment, and the Court's acceptance of "the Commissioner's harmless error argument would essentially render the supportability and consistency requirements meaningless whenever a reviewing court can identify some

10

aspect of an ALJ's decisions that might remain unchanged." Doc. 18 at 5–6. In contrast to Claimant's assertion, the Court has not rendered the supportability and consistency requirements meaningless by finding that, upon this record, the ALJ's error was harmless. Here, the ALJ did not address the supportability and consistency factors when discussing the two medical opinions, which contained a conflict as to Claimant's kneeling and crouching limitation. But the jobs the VE identified that Claimant can perform do not contain a kneeling and crouching component. Therefore, a kneeling and crouching limitation, though an erroneous omission, has no bearing on the ultimate decision by the ALJ, so a lack of discussion as to Claimant's kneeling and crouching limitation does not change the outcome. The Court did not identify "some aspect" of the ALJ's decision that would remain unchanged; it targeted the exact aspect of the decision Claimant claimed merited remand because there was legal error and determined that the error was harmless because the outcome would not change even if a proper analysis were performed. The record before the Court supports a finding of harmless error, but a different record may produce a different result. Other courts within the Eleventh Circuit have found that a failure to apply the supportability and consistency factors was not harmless,[7] showing that an ALJ decision that does not include the supportability and consistency factors does not automatically result in a harmless error finding.

---

[7] *See McDermott v. Kijakazi*, 2022 WL 2115492, at *4 (M.D. Fla. June 13, 2022); *Vicente v. Comm'r of Soc. Sec.*, 2023 WL 2864407, at *6 (M.D. Fla. Apr. 10, 2023); *Brioso v. Kijakazi*, 2023 WL 5595912, at *10 (S.D. Fla. Aug. 11, 2023), *report and recommendation adopted*, 2023 WL 5563394 (S.D. Fla. Aug. 29, 2023).

Sixth, Claimant argues that "the error likely affected the outcome" because a proper analysis may have altered the ALJ's "evaluation of [Claimant's] overall credibility and the weight given to his subjective complaints." Doc. 18 at 6. The Court is not persuaded by Claimant's unmoored speculation that a proper analysis may have affected the ALJ's evaluation of Plaintiff's credibility. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

In sum, to the extent the ALJ erred by not addressing the "supportability" and "consistency" factors when discussing Hall and Haas's medical findings, her error is harmless because a fuller explanation of the medical findings would not change the ALJ's ultimate determination that Claimant is not disabled because the work he is able to perform that exists in significant numbers in the national economy does not require kneeling or crouching.

### V.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's error is harmless. Accordingly, the Magistrate Judge RECOMMENDS the following:

1. Claimant's Motion for Summary Judgment (Doc. 13) be DENIED;
2. The Commissioner's Motion for Summary Judgment (Doc. 17) be GRANTED; and
3. The Commissioner's decision be AFFIRMED.

Further, it is ORDERED that by **August 5, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

DONE this 22nd day of July, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE